```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

DR. SUDHIR AGGARWAL, et al.,

      Plaintiffs,

vs.                                    No. 05-2562-Ml/V

U.S. AIRWAYS,

      Defendant.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiffs Sudhir Aggarwal, Ritu Aggarwal, and Adamya Aggarwal, resident aliens who currently reside in Tennessee, filed a pro se complaint on August 8, 2005 along with a motion seeking leave to proceed in forma pauperis. Based on the information set forth in the plaintiffs' affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as U.S. Airways.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The plaintiffs' complaint is subject to dismissal in its entirety.

As a preliminary matter, plaintiff Adamya Aggarwal is the infant son of plaintiffs Sudhir Aggarwal and Ritu Aggarwal. However, Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Rule 17(c) requires that a suit on behalf of a minor be prosecuted by the minor's guardian or other representative. A party in federal court must proceed either through licensed counsel or on his or her own behalf. 28 U.S.C. § 1654. See generally Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991); Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir. 1989). As neither of the adult plaintiffs is a licensed attorney, their status as the child's custodial parents does not entitle them to proceed pro se on his behalf in prosecuting this action. Cheung v. Youth Orchestra Found., Inc., 906 F.2d 59, 61 (2d Cir. 1990) (lay parent or guardian cannot file pro se complaint on behalf of minor or ward, who must be represented by attorney); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); Brown v. Ortho Diagnostic Sys., 868 F. Supp. 168, 170 (E.D. Va. 1994) (following Meeker and progeny and refusing to permit parent to represent minor

2

child); accord Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (powers of attorney executed by putative plaintiffs did not invest non-attorney with authority to represent them); Turner v. American Bar Ass'n, 407 F. Supp. 451, 478 (N.D. Tex. 1975) (litigants do not have a right, constitutional or otherwise, to be represented by non-lawyers). Although the adult plaintiffs may sue on behalf of their child, they must do so through an attorney. Accordingly, Sudhir and Ritu Aggarwal are the only plaintiffs in this case and any claims on behalf of Adamyu Aggarwal are DISMISSED.

Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id.

In this case, the complaint does not allege any basis for federal subject-matter jurisdiction, as required by Fed. R. Civ. P.

8(a)(1).[1] It is evident that 28 U.S.C. § 1332 provides no basis for federal diversity jurisdiction, as the amount in controversy requirement has not been satisfied. The complaint also does not purport to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1350 and does not state that the defendant's actions sound in tort and were "committed in violation of the law of nations or a treaty of the United States."[2]

The Court ordinarily would order the plaintiffs to amend their complaint to comply with the Federal Rules of Civil Procedure. That course is unavailable when a Court screens a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under those circumstances, the appropriate course is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action about the same subject matter, so long as the new complaint complies with Fed. R. Civ. P. 8(a).

Therefore, the Court DISMISSES the complaint, in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8(a)(1). The plaintiffs may file another action against this defendant on the same subject matter, but the adult plaintiffs cannot sue on behalf of their minor child.

---

[1] That Rule provides that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the facts upon which the court's jurisdiction depends."

[2] The Supreme Court recently emphasized the extremely limited substantive scope of the Alien Tort Statute, 28 U.S.C. § 1350. Sosa v. Alvarez-Machain, 542 U.S. 692, 724 (2004) (the ATS encompasses "private causes of action for certain torts in violation of the law of nations," such as "violation of safe conducts, infringement of the rights of ambassadors, and piracy"); see also Chavez v. Carranza, No. 03-2789079, at *5 (W.D. Tenn. Oct. 26, 2005).

4

The Court must also consider whether plaintiffs should be allowed to appeal this decision in forma pauperis, should they seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by plaintiffs is not taken in good faith.

Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiffs file a notice of appeal, they must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 18th day of January, 2006.


                                          /s/ Jon P. McCalla
                                          JON PHIPPS McCALLA
                                          UNITED STATES DISTRICT JUDGE